# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5300 | **DATE** | 2/7/12 |
| **CASE TITLE** | U.S. Bank National Association v. Cerasi, et al. | | |

**DOCKET ENTRY TEXT**

U.S. Bank's Motion for Summary Judgment [26] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, U.S. Bank National Association ("U.S. Bank"), filed an Amended Complaint on October 20, 2010, seeking to foreclose its mortgage (the "Mortgage") on the property commonly known as 3210 Treesdale Court, Naperville, Illinois, 60564, which is owned by Defendant Carmine Cerasi ("Cerasi"). The Amended Complaint alleges that Cerasi is in default on the note secured by the Mortgage. Cerasi filed an Answer to the Amended Complaint on October 18, 2010. U.S. Bank filed a Motion for Summary Judgment on September 22, 2011, requesting that the Court enter a judgment of foreclosure in favor of U.S. Bank on Cerasi's property. Here, the failure of both parties to comply with Federal Rule of Civil Procedure 56 and Local Rule for the Northern District of Illinois 56.1 makes the resolution of U.S. Bank's Motion an exercise in futility.

Both parties have filed statements of fact but have failed to respond to the other's statement of facts. Local Rule 56.1(b)(3) provides that a party opposing summary judgment *must* file "a concise response to the movant's statement that shall contain a response to each numbered paragraph in the moving party's statement, including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Under ordinary circumstances, a failure to respond to an opponent's statement of facts will result in those facts being deemed admitted for purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (holding that a litigant's failure to dispute the facts set forth in its opponent's statement in the manner required by Local Rule 56.1 results in those facts' being deemed admitted for purposes of summary judgment); *see also Jupiter Alum. Corp. v. Home Ins. Co.*, 225 F.3d 868 (7th Cir. 2000) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission.").

But here, both parties have failed to support their statement of facts with evidence that the Court may properly consider on summary judgment. In its statement of facts, U.S. Bank states that on May 12, 2008, MERS assigned its Mortgage to U.S. Bank National Association, as Trustee for ABFC 2007-WMC1 Trust, and that on November 16, 2009, U.S. Bank National Association, as Trustee for ABFC 2007-WMC1 Trust,

| STATEMENT |
|---|

assigned its Mortgage to U.S. Bank. (*Id.* ¶¶ 9-10.) In support of this, however, U.S Bank attaches the assignments of mortgage but does not provide any foundation for these records. To establish a proper foundation at the summary judgment stage, "the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records." *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000) (citations omitted). Due to U.S Bank's failure to provide the proper foundation for the assignments of mortgage, U.S. Bank's statement that it "received all of GE's interests in the Property pursuant to the Mortgage and Note" is not accepted as true. (*Id.* ¶ 11.) Accordingly, because U.S. Bank has not presented competent evidence that it is the assignor of Cerasi's home loan, its Motion is denied.

Furthermore, the evidentiary support for nearly all of Cerasi's statement of facts was his own affidavit, which is dated October 27, 2011, the day his response brief was filed. (Dkt. No. 33-1.) The only other supporting materials attached to Cerasi's affidavit are: a copy of a check for $17,176.05 made out to Saxon, a copy of the original February 22, 2007 loan agreement, and Cerasi's Answer to U.S. Bank's Amended Complaint. Cerasi's reliance on his affidavit is improper for two reasons. First, it is well-established that an unsupported, self-serving affidavit, standing alone, is insufficient to avoid summary judgment. *Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001) ("Conclusory statements, unsupported by the evidence of record, are insufficient to avoid summary judgment. We repeatedly have held that self-serving affidavits without factual support in the record will not defeat a motion for summary judgment."). Second, Cerasi's affidavit is not notarized and does not affirm that his statements are "true and correct" and made "under penalty of perjury," as required by 28 U.S.C. § 1746. As such, it should not be considered. *See DeBruyne v. Equitable Life Assurance Soc. of the U.S.*, 920 F.2d 457, (7th Cir. 1990) (stating that an "affidavit," which was not notarized and did not subject the signer to penalties of perjury, "was not within the range of evidence that the district court could consider" on summary judgment); *Gilty v. Vill. of Oak Park*, 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) ("District courts have the discretion to disregard affidavits that are neither notarized nor made under the penalty of perjury.").

Last, Rule 56(d) provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . allow time to obtain affidavits or declarations or to take discovery." In his Response, Cerasi asserts that summary judgment is premature because he has not conducted sufficient discovery to date; however, Cerasi has not submitted an affidavit in support of this assertion. The parties are admonished that failure to comply with Rule 56 and Local Rule 56.1 with respect to any future motions for summary judgment will result in their denial.

For the reasons set forth above, U.S. Bank's Motion for Summary Judgment [26] is denied without prejudice. Cerasi shall file, within seven days of the entry of this Order, an affidavit, setting out specifically what discovery is required to oppose a motion by U.S. Bank for summary judgment. The matter is continued to 2/23/12 at 9:30 a.m. for status.